UNITED STATES of America,
Plaintiff,

v.

James TEEHAN and Jane Teehan,
Defendants.
Civ. No. 16251.

United States District Court
E. D. New York.
April 27, 1956.

Leonard P. Moore, U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y.,

for plaintiff, Samuel V. Greenberg, Asst. U. S. Atty., Brooklyn, of counsel.

Edward A. Sullivan, New York City, for defendants.

BRUCHHAUSEN, District Judge.

The plaintiff in this action seeks to recoup overpayments of family allowance benefits.

There is no doubt that the defendant, Jane Teehan, received from the plaintiff allotment checks totalling $320 to which she was not entitled from the period June, 1942 through September 30, 1943.

The Government exhibits show that allotments were provided for in the payroll records of defendant, James Teehan, when he was a private in the United States Army, and that they were not deducted from his pay, and that they were paid to him in cash. His signature is affixed to the payroll records.

Other exhibits establish that the checks totalling the amount sued for were sent to Jane Teehan, his wife, during the said period.

Mrs. Teehan neither affirmed nor denied receipt of the checks. During her husband's period of service she also received family allowance payments of $50, and then the allotments were increased and her memory is vague as to the amounts of the checks received.

A letter written by her, however, within one month after the alleged overpayment ceased, corresponds to the aforesaid exhibits by the Government, showing payment of the checks, and constitutes an admission of receipt thereof, at least as to the more recent overpayments.

While the original cancelled checks which should have contained Mrs. Teehan's indorsement, if the Government's allegations are true, were destroyed, after eight years, pursuant to statute, certified memoranda concerning their destruction and sufficiently identifying them were admitted in evidence as entries made in the regular course of business under 28 U.S.C.A. § 1732, as well as proof of the existence of said can-

celled checks under the rules of evidence since their destruction was not willful. See Steele v. Lord, 70 N.Y. 280.

Judgment is directed for the amount demanded in the complaint, but without interest or costs.