**UNITED STATES of America, Plaintiff,**

v.

**Maynard R. ROBBINS and Lillian Robbins, Defendants.**

**No. 55–C–190.**

United States District Court E. D. Wisconsin.

May 15, 1957.

Edward G. Minor, U. S. Atty., by Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

K. Thomas Savage, Kenosha, Wis., for defendants.

GRUBB, District Judge.

During the Second World War the plaintiff paid monthly allotments to the defendant, Lillian Robbins, as the wife of a soldier-husband. This is an action for the recovery of dependency payments which it is alleged were erroneously paid to Lillian Robbins. The evidence submitted in the trial before the court showed that Maynard Robbins was divorced in Wisconsin from his first wife on April 4, 1942; that on September 1, 1942, Maynard and Lillian Robbins went through a marriage ceremony in Indiana notwithstanding the fact that under Wisconsin law Maynard Robbins' divorce was not final until the expiration of one year from April 4, 1942; that in January 1943 Maynard Robbins was inducted into the army; that during that month he applied for and was granted an allotment for his wife, Lillian Robbins; that from February 11, 1943, until May 1, 1943, Maynard Robbins was stationed in Texas and thereafter was stationed in Nebraska; that Lillian Robbins joined Maynard Robbins in Texas for about three weeks and then followed him to Nebraska; that the allotment was stopped on March 31, 1945, on grounds that Lillian Robbins was not the lawful wife of Maynard Robbins.

The defendants counterclaimed for allotment payments allegedly due to them from March 31, 1945, until Maynard Robbins' discharge in November 1945. The court dismissed the counterclaim at the beginning of the trial becaue it is barred by a statute of limitations, 28 U.S.C.A. § 2401.

It is the claim of the defendants that they are husband and wife and should not be compelled to repay the amount of the allotments paid. It is their contention that even if their Indiana marriage should not be valid, that their three weeks together in Texas established a common law marriage.

The Servicemen's Dependents Allowance Act of 1942, 56 U.S.Stats. at Large, page 381, provides as follows:

"Sec. 111. This title shall be administered by the Secretary of War in its application to enlisted men of the Army of the United States and the dependents of such enlisted men * * *."

"Sec. 112. The determination of all facts, including the fact of dependency, which it shall be necessary to determine in the administration of this title shall be made by the Secretary of the department concerned and *such determination shall be final and conclusive for all purposes and shall not be subject to review in any court* or by any accounting officer of the Government. The Secretary of the department concerned may at any time on the basis of new evidence or for other good cause reconsider or modify any such determination, and may waive the recovery of any money erroneously paid under this title whenever he finds that such recovery would be against equity and good conscience. * * *" (Emphasis supplied.)

The wording of the act makes it abundantly clear that the fact of dependency or non-dependency is one which can be made only by the Secretary of the department concerned. Such finding of fact is conclusive "for all purposes" and is not subject to review by the courts.

In this case, it was determined that Lillian Robbins was not a dependent of Maynard Robbins under the terms of the Servicemen's Dependents Allowance Act of 1942. That finding may not be disturbed by this court. For that reason, it is unnecessary for this court to determine whether or not the defendants were validly married in Texas. Judgment must be rendered for the plaintiff.

It is not disputed that the amount of the allotments erroneously paid is $1,147.67. The defendants are liable for the amount of the allotments heretofore stated with interest from March 31, 1945, until paid and for the costs and disbursements of this action.

This opinion will stand as the findings of fact and conclusions of law in this case. Counsel for the plaintiff is directed to draft a judgment to be submitted to defendants' counsel for approval as to form only.