UNITED STATES of America
v.
Harold DORGAN.
No. 894.

United States District Court
D. Maine, N. D.
Jan. 15, 1958.

---

Peter Mills, U. S. Atty., Portland, Me., Francis E. Day, Asst. U. S. Atty., Portland, Me., for plaintiff.

E. Donald Finnegan, Bangor, Me., for defendant.

GIGNOUX, District Judge.

This is an action by the United States of America to recover from the defendant, Harold Dorgan, a resident of Ellsworth, Hancock County, Maine, an alleged erroneous payment of Voluntary Class E Allotment under Army Regulations promulgated pursuant to Section 16 of the Act of March 2, 1899, 30 Stat. 981, as amended, 10 U.S.C.A. § 894.*

The Government's exhibits show, and the parties have stipulated, that on October 1, 1946 defendant's son, Albert B. Dorgan, a private in the United States Army, authorized an allotment of $45 per month from his Army pay to defendant, beginning with the month of November, 1946; that such sum was paid monthly to defendant for the periods November 1, 1946 through January 31, 1947 and April 1, 1947 through November 30, 1947 in the total amount of $495; and that such payments were not deducted from the pay of Albert B. Dorgan and were received by him in cash. The son's signature is affixed to the payroll records.

The Government contends that the payments to defendant were made subsequent to the requested discontinuance of the allotment by defendant's son. Defendant denies that his son at any time requested such discontinuance. The resolution of this factual issue is unnecessary to the determination of this case.

■ Where money is erroneously paid by agents of the United States, whether the error be one of fact or law, the Government may always recover the money improperly paid. United States v. Wurts, 1938, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932; Sutton v. United States, 1921, 256 U.S. 575, 41 S.Ct. 563, 65 L.Ed. 1099; Wisconsin Central R. R. Co. v. United States, 1896, 164 U.S. 190, 17 S. Ct. 45, 41 L.Ed. 399; United States v. Saunders, 1 Cir., 1897, 79 F. 407. This general rule of law is equally applicable to erroneous payments of allotments by the United States Army. United States v. Teehan, D.C.E.D.N.Y.1956, 140 F. Supp. 465.

■ Defendant argues, however, that if the son did not request discontinuance of the allotment, the erroneous payments in the instant case were to defendant's son, and not to defendant, and that consequently the Government's remedy, if any, lies exclusively against the son. Defendant failed to cite any authority in support of this contention, and it is the opinion of this Court that his argument is without merit.

Even assuming that defendant's son did not authorize discontinuance of the allotment, the Government was under no obligation to pay defendant any money except such amounts as were withheld by it from the son's pay. Consequently, to the extent that money was not withheld from the son's pay for any reason, there was no amount to which defendant was rightfully entitled, and any payments to him were erroneously made. That the son might have been jointly

* Now 10 U.S.C.A. §§ 3689, 8689.

liable to refund the sums so paid is not a bar to this action. Cf. United States v. Teehan, supra.

Judgment will be entered for plaintiff in the amount for $495, without interest and without costs.