**UNITED STATES of America, Plaintiff,**

v.

**Gustave A. SCHOENSEE, Defendant.**

Civ. A. 1967.

United States District Court
S. D. West Virginia.

Feb. 1, 1958.

Percy H. Brown, Asst. U. S. Atty., Hinton, W. Va., for plaintiff.

John Detch, Lewisburg, W. Va., for defendant.

**BEN MOORE, Chief Judge.**

This is an action for the recovery of erroneous overpayment to the defendant by the plaintiff from October 1, 1944 to April 30, 1945, in the sum of $900. The facts which were stipulated are briefly as follows:

William D. Schoensee, while a member of the United States Air Corps stationed in Asia, made application for Class E Voluntary Allotment of $150 per month from October 1, 1944 to April 30, 1945, payable to his father, Gustave A. Schoensee, defendant herein. Later William D. Schoensee requested that the allotment fund be reduced from $150 per month to $50 per month effective October 1, 1944, and that it be discontinued, effective December 31, 1944.

Section 16 of the Act of March 2, 1899, 30 Stat. 981, as amended (10 U.S. C. § 894[1]), permits army personnel to authorize, reduce and discontinue allot- ments from their pay, as was done by Lieutenant Schoensee. Defendant there- fore was entitled to receive only $50 per month from October 1 to December 31, 1944, and nothing after December 31, 1944. The erroneous overpayment from October 1 to December 31, 1944, was in the sum of $300, and from January 1 to April 30, 1945, in the sum of $600. The total overpayment, therefore, was the sum of $900.

The stipulation of facts agreed upon in this case discloses that the Class E allot- ment made by Lieutenant Schoensee to his father was paid to the father in his individual capacity and not as attorney in fact or agent for his son, although the father actually received and disposed of the money as agent for his son. No cir- cumstance is proved which indicates or in any way tends to show that the disburs- ing officer of the United States Army knew or should have known of the agen- cy relationship.

■ The case may be reduced to a very simple question: May one who makes an erroneous payment to an un- disclosed agent afterwards recover the erroneous payment from the agent, even though the agent has already paid it over to his principal? I believe this question must be answered in the affirmative.

■ It is true that the stipulation of facts further discloses that soon after the erroneous payment was discovered the disbursing authorities of the United States Army were notified of the princi- pal and agent relationship between de- fendant Schoensee and his son; and it further appears that for about six years thereafter, during which time the son owned ample assets from which the amount might have been collected, no ef- fort was made to recover the erroneous payment from him. Knowledge of the agency relationship on the part of the United States was, however, accompa- nied by knowledge on the part of defend- ant that the government was asserting a claim against him for the erroneous payment. He could at any time there-

---

1. Now 10 U.S.C.A. § 3689.

after have paid this claim and would then have had a right of recovery against his son. It is my opinion therefore that defendant's rights were in no way impaired or prejudiced by the delay on the part of the United States in enforcing its claim. Therefore, the defense of estoppel is not well founded.

Plaintiff is entitled to judgment on the basis of the pleadings and the stipulation of facts. An appropriate order may be submitted in accordance with what I have said.