JONES, Chief Judge,
delivered the opinion of the court:
Plaintiff, a chief petty officer on active duty in the United States Navy, made application for basic allowance for quarters on the ground of his marriage to Rosalie Morin. *601 The application was granted effective March 8, 1951, the date of the marriage.
Plaintiff or his purported wife received the allowance until February 16, 1954, one day before the officer was granted a divorce decree terminating the marriage. The total amount received was $2,592.04.
By letter dated October 22,1956, the plaintiff was notified that the previous basic allowance for quarters had been reconsidered and was disapproved on the ground of the receipt of information that at the time of the purported marriage to Bosalie Morin, the latter had a living husband who had not been divorced; and that it had been determined that plaintiff had not entered into his marriage in good faith.
The amount which plaintiff had received as basic allowance for quarters was deducted from his subsequent pay.
Plaintiff sues to recover the amount withheld, alleging that he entered into the marriage with Bosalie Morin in good faith, with no knowledge or suspicion of her previous marriage, and that the action in cancelling the previous allowance was arbitrary, capricious and based upon pure conjecture rather than true facts.
Sections 2204, 2210, and 2211 of the Dependents Assistance Act of 1950 (50 U. S. C. App. §§2201-2216; 64 Stat. 794, as amended) provide for quarters allowance and allotments of pay for certain dependents, authorize regulations in respect thereto, and provide for waiver of erroneous payments under certain conditions.
On the question of a waiver of a return of erroneous payments made, both parties quote and rely upon section 2211 of the Dependents Assistance Act of 1950 (50 U. S. C. App. §2211; 64 Stat. 797):
Any determinations or waivers made under this Act shall be final and conclusive for all purposes and shall not be subject to review in any court or by any accounting officer of the Government, except for cases involving fraud or gross negligence. The Secretary of the Department concerned may at any time on the basis of new evidence or for other good cause reconsider or modify any such determination, and may waive the recovery of any money erroneously paid under this Act *602 whenever he finds that such recovery would be against equity and good conscience.
The plaintiff asserts that under his allegations he comes squarely within the exception' set out in the section: that without any investigation the Secretary made a finding that the plaintiff’s marriage was not in good faith; that the payment of basic allowance was clearly erroneous; that the plaintiff was not entitled to the money erroneously paid and that the amount should be deducted from his subsequent salary.
The defendant contends that under the statute the matter of whether the defendant should waive the return to it of the erroneous payments on the ground its recovery from plaintiff would be against equity and good conscience was wholly within the discretion of the Secretary of the Navy, and the allegation that the Secretary made the statement that the plaintiff did not enter into the marriage in good faith, if true, was wholly insufficient to justify a finding that the Secretary’s action in declining to waive recovery of the erroneous payment was arbitrary and capricious.
We do not believe the allegations are sufficient to raise an issue of fraud or gross negligence on the Secretary’s part even if we assume that the exception contained in section 2211 was intended by Congress to confer jurisdiction upon us in such cases.[1] The statute places the matter clearly within the discretion of the Secretary whether or not to waive the recovery of any money erroneously paid whenever he finds that such a recovery would be against equity and good conscience. It would take a clear allegation of facts showing an abuse of that discretion in order to justify the overruling of defendant’s motion. United States v. Robbins, 151 F. Supp. 3.
If the matter were one for us to decide in the first instance, we might be inclined to consider a refund of the basic allowances from the time of the marriage on March 8, 1951 *603 until May 1952, when plaintiff, according to bis own allegation, learned of bis wife’s previous marriage. But certainly we would not allow bim to recover after that date, especially since be makes no allegation that he then notified the defendant of the true facts in connection with his marriage, but on the other hand permitted the basic allowance to be continued until his divorce in 1954.
We do not think the Secretary would be justified in charging plaintiff with bad faith in contracting his marriage unless the Secretary had some facts or information not disclosed in the pleadings. But we cannot agree that plaintiff’s allegation that the Secretary made an erroneous finding that plaintiff had entered into his marriage in bad faith shows that the Secretary was arbitrary or capricious or that he exceeded or abused his authority and discretion under the statute in refusing to waive recovery of the sum paid. Regardless of all other issues that might arise, the plaintiff had just as much opportunity to determine whether his purported wife had contracted a previous marriage and had a living husband as did the defendant.
While one’s sympathy is naturally with the plaintiff who contracted an unfortunate marriage, we do not believe that the circumstances and facts disclosed by thé pleadings and briefs sufficiently raise an issue such as would justify a court in taking jurisdiction and cause unnecessary expense to all parties concerned, when it would necessarily result in an ultimate finding that the court is without jurisdiction.
Plaintiff cites the case of Harmon v. Brucker, 355 U. S. 579. This case, however, turns upon the question of whether the Secretary of the Army had exceeded his jurisdiction and had gone beyond the authority conferred by the statute. The case is therefore inapposite.
The question of whether recovery should be waived, on the basis of equity and good conscience, of that part of the allowance which was paid for the period March 8, 1951 to May 1952, when plaintiff became aware of his purported wife’s previous marriage, is a matter of discretion that is lodged in the Secretary under the provisions of the various pertinent statutes. We can find no circumstances in the present case which could justify our disturbing his decision.
*604 The defendant’s motion to dismiss is granted, and the petition is dismissed.
Laramore, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.

 Defendant has referred us to considerable material tending to show that Congress intended the exception providing for review in cases of fraud or gross negligence to apply only to review by an accounting officer and that it was not intended to provide a method for review by the courts. In the view we take we need not decide whether the exception is so restricted.