**UNITED STATES of America,**
**Plaintiff,**

v.

**Leroy ROBSON, Frances J. Robson,**
**Defendants.**

**Civ. No. 33395.**

United States District Court
N. D. Ohio, E. D.

July 8, 1958.

---

14. Defendant's "Brief in Support of Motion Under Rule 56(b)", p. 24.

15. Transcript, May 19, 1958, p. 16.

———◆———

Sumner Canary, U. S. Atty., Cleveland, for plaintiff.

J. M. Savitt, Austin T. Klein, Cleveland, for defendants.

JONES, Chief Judge.

Careful consideration has been given to the matters and issues involved in the trial of this case, with the result that the court is of the opinion the Government should prevail for the reason that I think the matter is controlled by 37 U.S.C. § 212,[1] which provides:

"The determination of all facts, including the fact of dependency, which it shall be necessary to determine in the administration of this chapter shall be made by the Secretary of the department concerned and such determination shall be final and conclusive for all purposes and shall not be subject to review in any court or by any accounting officer of the Government." 56 Stat. 384.

■ In the transcript of the proceedings (Plaintiff's Exhibit 9) it is quite apparent that the Secretary of War fully reviewed the matter of the proper person to receive the family allowance and determined in a Discontinuance and Change Order that Elinor V. Robson was entitled to the family allowance as the wife of the soldier, Leroy Robson, and that the defendant Frances J. Robson was not at any time entitled to the family allowance as the wife of Leroy Robson, and not lawfully entitled to receive the family allowance that she did. The Secretary having made this determination, it is the opinion of the court that the Government properly may bring this action to recover the moneys so paid to Frances J. Robson on the basis of a suit by the Government to recover moneys mistakenly or wrongfully paid. The defendants, in their brief, relying upon Snyder v. Buck, D.C., 75 F. Supp. 902, urge that this court has the power to review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., 34 U.S.C.A. § 943. However, it is my opinion that the language of Section 212 of Title 37 U.S.C. is so definite, as well as practical, in relation to matters of this character that I would not feel satisfied to follow the argument and the reasoning of the defendants that, despite that specific language, this court has the power to review the determination of the Secretary of War in these matters.

■ It is my view that the case of United States v. Robbins, D.C., 151 F. Supp. 3, a much later case than the Snyder case, supra, relied upon by defendants, is determinative of the question of the jurisdiction to review and furnishes ample support for a finding that the court has been denied the power to review the determination of the Secretary of War in such matters.

Defendants urge that only a court of competent jurisdiction may determine the marital status of parties and hold a marriage invalid after a full hearing thereon. However, the suit is not one to dissolve any marital ties but is only to determine whether or not the Government of the United States is entitled to recover money erroneously paid out. Defendant Frances J. Robson could not have acquired a property right in money paid to her by mistake, and to which she never was entitled. The determination of the proper person to receive the family allowance is not an annulment of any marriage or a final judicial determination of the marital status of these parties.

Accordingly, defendants' motion to dismiss the case will be denied and judgment entered for the United States for the sum prayed for, which is not in dispute.

1. Now 37 U.S.C.A. § 252.

**82**

If it would be of value to a final determination of this case, it might be proper to say that if the matter were subject to the review of this court under the facts presented and a full consideration thereof, it is the view of the court that the determination by the Secretary of War was correct and, should the court be wrong on the matter of jurisdiction, then I would find that the Government is entitled to recover for the reason that the money paid was to the wrong person and that the defendant Frances J. Robson was not at any time entitled thereto.

It is believed that the foregoing memorandum is adequate for compliance with Rule 52(a), 28 U.S.C.A.