**UNITED STATES of America,
Plaintiff,**

v.

**Henry H. JOHNSON, Defendant.**

**Civ. A. No. C–112–D–58.**

United States District Court
M. D. North Carolina,
Durham Division.

Oct. 24, 1958.

James E. Holshouser, U. S. Atty., and H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C., for plaintiff.

Daniel K. Edwards, Durham, N. C., for defendant.

STANLEY, District Judge.

This is an action to recover alleged overpayments to the defendant while an enlisted man in the United States Army. It is alleged that the defendant's wife, Mary Bass Johnson, was paid a family allowance of $50 per month from Febru-

ary 1, 1943, to November 30, 1945, a period of thirty-four months, and that the defendant's pay was not reduced by or charged with any amount as his contribution to the family allowance.

The defendant admits that he made no contribution to the family allowance, and alleges that he and his wife were separated in 1938, and that since the separation he had assumed no marital responsibility for her support.

At the pre-trial conference held on August 20, 1958, the essential facts, except the marital status of the defendant and his wife during the period in question, were stipulated and the case tentatively set for trial on September 24, 1958.

When the case was called for trial the plaintiff filed a motion for summary judgment upon the grounds that the pleadings and stipulations show that there is no material issue of fact remaining and that judgment should be entered for the plaintiff as a matter of law. A copy of the plaintiff's motion had previously been furnished the defendant, and, without objection on the part of the defendant, leave was granted to file the motion. By stipulation of the parties, it was then agreed that a ruling on the plaintiff's motion for summary judgment would be deferred, and that evidence would be received without prejudice to the plaintiff's position that the marital status of the defendant and his wife during the period in question is not subject to judicial review.

From admissions in the pleadings and the stipulations filed by the parties, the following facts are made to appear:

The defendant and Mary Bass Johnson were married on April 25, 1931, and thereafter lived together as husband and wife for a number of years. The defendant served as an enlisted man in the United States Army continuously from 1941 until he was discharged on November 30, 1945. From February 1, 1943, until November 30, 1945, the Government paid the defendant's wife, Mary Bass Johnson, upon a determination of

dependency made by the Secretary of the department concerned, a servicemen's dependents allowance of $50 per month. Ordinarily, the Government would have deducted $22 of this allowance from the pay of the defendant and contributed the remaining $28. The defendant's pay was not charged with the $22 at any time during this period. The allowance was paid to the defendant's wife on the basis of an application filed by her, and the defendant had no knowledge of the fact that the application had been filed prior to its approval. On May 12, 1947, Mary Bass Johnson filed an action in the Superior Court of Durham County, North Carolina, for an absolute divorce from her husband, Henry H. Johnson, the defendant herein, on the grounds of two-year separation, and the divorce was granted in September 1947. The defendant admits receiving several letters from the Government after 1950 demanding payment of the $748 involved in this action, and that he failed to either make payment or request a reconsideration or modification of the determination of dependency.

The Government asserts that the failure to deduct the $22 a month from the pay of the defendant resulted in an overpayment of $748 and that it is entitled to recover said sum, together with accrued interest and costs, from the defendant. It is further asserted that the determination of dependency made by the Secretary of the department concerned is final and conclusive, and not subject to review by the court.

The defendant on the other hand, while admitting the payment of the family allowance to his wife and the failure of the Government to deduct any part of the allowance from his pay, contends that he and his wife were living in a state of separation and he was not legally responsible for her support, and that this is an issue of fact that should be determined by the court in passing upon his liability for the alleged overpayments.

The Servicemen's Dependents Allowance Act of 1942, 56 United States Statutes at Large, Pages 381–387, makes provision for the payment of the type of dependency allotment here involved and prescribes the amount of the allotment to be contributed by the Government and the amount to be deducted from the serviceman's pay. Section 112 of this Act provides as follows:

"Sec. 112. The determination of all facts, including the fact of dependency, which it shall be necessary to determine in the administration of this title shall be made by the Secretary of the department concerned and *such determination shall be final and conclusive for all purposes and shall not be subject to review in any court* or by any accounting officer of the Government. The Secretary of the department concerned may at any time on the basis of new evidence or for other good cause reconsider or modify any such determination, and may waive the recovery of any money erroneously paid under this title whenever he finds that such recovery would be against equity and good conscience. * * * " (Emphasis supplied.)

The defendant contends, however, that by the repeal of the Servicemen's Allowance Act of 1942 by the Career Compensation Act of 1949, 37 U.S.C.A. § 231 et seq., the Secretary no longer has the right to either make a determination of dependency or to waive the recovery of money erroneously paid, and that this authority is now vested in the court. In this connection, it should be pointed out that the Dependent's Assistance Act of 1950, 50 U.S.C.A.Appendix, §§ 2201–2216, contains a provision similar to the 1942 Act in regard to making the determination of dependency by the Secretary final and conclusive, and both Acts provide that the Secretary concerned may waive a claim of the Government when equity and good conscience demand such waiver.

A review of the statutes involved, including the legislative history of the various acts, indicate that Congress did not intend, by repealing the 1942 Act, to invalidate the binding effect of determi-

nation of dependency status made prior to the repeal of the Act. This is in part borne out by the fact that Section 13 of the 1950 Act provides that, notwithstanding the repeal of the Act of 1942 by the Career Compensation Act of 1949, the Comptroller General, on recommendation of the Secretary involved, may waive an indebtedness where collection would be inequitable. This certainly seems to indicate that Congress wished to make provision for review after the repeal of the 1942 Act.

In United States v. Robbins, D.C.E.D. Wis.1957, 151 F.Supp. 3, 5, the Government sought to recover payments alleged to have been erroneously made. There an allotment was stopped after the Government determined that defendant was not the wife of the serviceman involved. The Government brought action to recover payments erroneously made prior to stopping the allotment. The defendants contended that their marriage was valid and that they should not be compelled to repay the amount of the allotments received. The district court held that it had been determined under the Act of 1942 that one Lillian Robbins was not the wife of the serviceman, and that such finding "may not be disturbed by this court." Also see United States v. Robson, D.C.N.D.Ohio 1958, 164 F.Supp. 80, where the same conclusion was reached.

■ Payment of the allowance to the defendant's wife during the period involved constituted a determination of her dependency, and under the plain language of the Servicemen's Dependents Allowance Act of 1942 such determination was conclusive and final and not subject to review by the court. Under these circumstances, the non-deduction of the $22 a month from the pay of the defendant constituted erroneous payments to him.

The only defense raised by the defendant is that he was separated from his wife under an oral separation agreement and that he had no marital responsibility to support his wife during the period the allowance was paid. Since the Secretary of the department concerned made a determination of dependency, and such determination is final and conclusive and not subject to review by the court, it follows that the Government is entitled to a judgment as a matter of law.

This opinion will constitute findings of fact and conclusions of law in this case.