UNITED STATES of America, Plaintiff,

v.

Walter F. SEELE, a/k/a F. Walter Seele, Defendant.

Civ. A. No. 18354.

United States District Court
E. D. New York.

June 25, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, by William A. Dubrowski, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Frank J. Horan, New York City, for defendant.

McILVAINE, District Judge.

From the facts as stipulated to between the parties at the pretrial, and it further appearing from the pretrial record that there is no material dispute of facts, the Court finds the following:

### Findings of Fact

1. Serviceman, Thomas Seele, made a Class "E" allotment of $15 a month to his brother, Walter F. Seele, defendant herein. The allotment was to be discontinued, effective September, 1942.

2. Each check received by defendant was a United States Government check.

3. Defendant received each check, endorsed it, deposited it in a bank, and each endorsed check returned to the Government in due course.

4. Defendant received the total sum of $390.

5. Serviceman had an agreement with defendant wherein serviceman stated: "I am sending you some money for you to use if you need it and, if not, put it in the bank and save it for me."

6. Defendant received each check, did not use it, but put each check in the bank.

7. The sum of $390 was given to the serviceman on his discharge from service by defendant herein.

8. After the date of the discontinuance of the allotment no money was deducted from the serviceman's pay.

### Conclusions of Law

From the facts as found, this case is one within the jurisdiction of this Court.

The question is one of law as to whether under the above circumstances the Government may recover from the defendant the erroneous overpayment. It is obvious that the monies were paid to the defendant by mistake, and that the defendant was acting as an undisclosed agent of his brother, the serviceman. It also appears that the defendant paid the money that he received over to the brother and that he did not keep it for himself. However, it further appeared that the Government did not know of the agency relationship.

The defendant takes the position that to demand reimbursement from him at this time would be inequitable because of his change of position, that is, he paid the money over to his brother. In his brief he makes this argument and cites cases to support this point of view. In general, his position is sustainable and is the view expressed in § 142 of the Restatement of Restitution dealing with the rights to restitution where there has been a change of circumstances. However, the next section of the Restatement of Restitution, § 143, deals with the change of position by fiduciary and provides as follows:

> "The rule stated in § 142 applies to actions for restitution brought against fiduciaries for things received by them for their beneficiaries, except that where things have been delivered to an agent of an undisclosed principal in the performance of a voidable contract with the agent, the agent's payment to or on account of, or settlement with, the principal before knowledge of the mistake does not bar restitution from the agent although the principal is insolvent."

Comment (e) of the Restitution § 143 provides:

> "The rule by which a payment to an agent for an undisclosed principal can be recovered from the agent irrespective of his innocence, and his payment over to the principal is inconsistent in principle with the rule stated in § 142 and is a survival of

**26**

the older view that change of position does not prevent restitution. The rule is applicable only when the existence of a principal was unknown at the time of payment."

■ We feel that the Restatement of Restitution states the common-law rules dealing with this subject, and it is the law that must be applied in this case, and applying § 143 of the Restatement of Restitution to the facts of this case it is clear that the Government is entitled to recover against Walter F. Seele, defendant. See also United States v. Schoensee, D.C.S.D.W.Va.1958, 164 F. Supp. 784.

### Order

And now, to wit, this 25th day of June, 1959, it is ordered and directed that the plaintiff, United States of America, have judgment against defendant, Walter F. Seele, also known as F. Walter Seele, in the sum of $390 with interest from April 3, 1945.