**UNITED STATES of America,**
**Plaintiff,**

v.

**Connie D. SMITH, Defendant.**

United States District Court
S. D. New York.
March 24, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Stephen Kurzman, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Frank J. Cafaro, New York City, for defendant.

PALMIERI, District Judge.

This is a motion for summary judgment brought by the plaintiff pursuant to Rule 56, Fed.R.Civ.P., 28 U.S.C.A.

On January 12, 1943, the defendant applied to the Army for a dependents' allotment for herself and her two children, stating that her then husband, Francis L. Smith, was an Army private. The application was approved and payments in the amount of $72 per month commenced on February 1, 1943. The monthly payment was increased to $100 on November 1, 1943. Payments continued at the $100 rate until August 31, 1948. On that date the allotment was discontinued because the Army discovered that the defendant's husband had been discharged on November 7, 1941, more than a year before the defendant filed her application. The plaintiff now seeks to recover the sums received by the defendant pursuant to the allotment.

The defendant admits application for the allotment and receipt of the payments. At the hearing on the motion the defendant also conceded that the Francis L. Smith discharged on November 7, 1941, was her husband. Her sole defense is that she received and spent the funds in good faith, relying on the plaintiff's investigation as to whether she was entitled to the payments, and in ignorance of the fact that her husband, from whom she had been informally separated, was no longer in the Army. The correspondence file in the Government's possession tends to substantiate these allegations. The defendant asserts that this reliance led her to neglect pursuit of her legal remedies with regard to her husband's support obligations.

■■ Under the applicable statute and the uniform judicial rulings the plaintiff is unquestionably entitled to recover the payments made to the defendant. Servicemen's Dependents' Allowance Act of 1942, 56 Stat. 381, as amended by 57 Stat. 577 (1943) (later amended by 66 Stat. 79 (1952)), 37 U.S.C.A. § 252 (1958); United States v. Seele, D.C.E.D. N.Y.1959, 175 F.Supp. 24; United States v. Robson, D.C.N.D.Ohio 1958, 164 F.Supp. 80; United States v. Schoensee, D.C.S.D.W.Va.1958, 164 F.Supp. 784; United States v. Dorgan, D.C.N.D.Me. 1958, 157 F.Supp. 864; United States v. Teehan, D.C.E.D.N.Y.1956, 140 F.Supp. 465. Although I am compelled to reach this conclusion, see Grand Trunk Western Ry. Co. v. United States, 1920, 252 U. S. 112, 121, 40 S.Ct. 309, 64 L.Ed. 484; United States v. Bentley, 2d Cir., 1939, 107 F.2d 382, 384; United States v. Gudewicz, D.C.E.D.N.Y.1942, 45 F.Supp. 787, 789, I recognize the hardship involved in requiring the defendant to refund an amount which she has long since disbursed in apparent good faith for the support of her family. Since interest in a case such as this is to be awarded or withheld in response to considerations of fairness, see Board of Commissioners of Jackson County, Kan. v. United States, 1939, 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313, I will exclude interest from the Government's recovery. See United States v. Gillmore, C.C.1911, 189 F. 761, 765; United States v. Dorgan, supra; United States v. Teehan, supra.

The plaintiff's motion for summary judgment is granted.

The Clerk is directed to enter judgment for plaintiff in the amount of $6,448, but without interest or costs.

So ordered.