Phoenix W. **WHEELER**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 92–440C.

United States Court of Federal Claims.

Feb. 12, 1993.

Vicki Gottlich, Washington, DC, with whom was Sally Hart Wilson, for plaintiff.

Charles F. Beall, Jr., Washington, DC, with whom was Roberta R. Herrick and Asst. Atty. Gen., Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss. Plaintiff contended that defendant's interpretation of 10 U.S.C. § 1072(2)(G)(ii) regarding her dependency status violated the intention of Congress, and that defendant's regulation which prohibits appeal of dependency determinations violated her Due Process rights under the Fifth Amendment. Defendant challenged plaintiffs' complaint based on a lack of subject matter jurisdiction and failure to state a claim.

## I. FACTS

Plaintiff, Phoenix W. Wheeler, is the unremarried former spouse of a retired member of the United States Air Force, Charles E. Whitsett, Jr. Plaintiff was married to Mr. Whitsett for twenty-five years, from 1958–1983. They were married for nineteen of the twenty years Mr. Whitsett served in the military. When plaintiff and Mr. Whitsett divorced in 1983, she purchased an in-hospital benefit policy that was offered as a conversion plan from her former husband's employer-sponsored group health plan. By converting from her former husband's employer-sponsored group health plan, plaintiff avoided the customary requirements of listing pre-existing conditions and providing evidence of her health status on the application.

On January 1, 1985, 10 U.S.C. § 1072(2) was amended by the Department of Defense Authorization Act of 1985, Pub.L. No. 98–525, 98 Stat. 2492, to add paragraph (G). This amendment broadened the definition of "dependents" who are eligible to obtain health care from the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS). As amended, paragraph (G) defines "dependent" to include:

a person who (i) is the unremarried former spouse of a member or former member [of a uniformed service] who performed at least 20 years of service ... and on the date of the final decree of divorce ... had been married to the member or former member for a period of at least 20 years, at least 15 of which ... were during the period the member or former member performed [his or her] service ..., and (ii) does not have medical coverage under an employer-sponsored health plan.

10 U.S.C. § 1072(2)(G) (1988).

Plaintiff obtained health care from CHAMPUS as an unremarried former spouse on several occasions beginning in 1985 and continuing through 1987. On January 20, 1988, plaintiff was advised that she was ineligible for CHAMPUS benefits because of her medical coverage under her former spouse's employer-sponsored health plan.[1] The Government has since sought to recoup the amounts it paid to plaintiff. On March 18, 1991, in response to letters from plaintiff's attorney, defendant wrote to plaintiff indicating that defendant's regulations state that denial of eligibility for CHAMPUS benefits is not an appealable issue. *See* 32 C.F.R. § 199.10(a)(6)(iii)(A) (1992). However, the letter did indicate that plaintiff's case was reviewed by the Department of Defense Office of General Counsel.

In May 1991, plaintiff filed a class action lawsuit in the United States District Court for the District of Arizona, *Phoenix W. Wheeler v. Richard Cheney*, No. 91–244.[2] The district court transferred the case to this court on February 20, 1992. In her amended complaint, filed July 27, 1992, plaintiff challenged the decision by the Secretary of Defense that she was ineligible for CHAMPUS benefits between January 1, 1985 and December 31, 1988, as well as the absence of formal appeal rights for such a determination. Specifically plaintiff complained that (1) defendant's construction of 10 U.S.C. § 1072(2)(G)(ii), which precluded plaintiff from eligibility for CHAMPUS benefits because she had purchased a

---

1. Plaintiff dropped the conversion plan she purchased through her former spouse's employer on December 31, 1988. Consequently, on January 1, 1989, plaintiff became eligible for, and continues to receive, CHAMPUS benefits as an unremarried former spouse.

2. At the time this order was filed, plaintiff had not requested class certification in this court.

conversion plan from her former husband's employer-sponsored group health plan, violated the intention of Congress, exceeded statutory authority, and was arbitrary and capricious; and (2) defendant's regulations which state that eligibility for CHAMPUS benefits is not an appealable issue violated her rights to procedural fairness under the Due Process Clause of the Fifth Amendment. Plaintiff also requested declaratory and injunctive relief for a class of similarly situated individuals. Defendant responded by filing this motion requesting that the court dismiss plaintiff's complaint for failure to state a claim under RCFC 12(b)(4), or, in the alternative, that those portions of plaintiff's complaint requesting prospective declaratory or injunctive relief be dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1).

## II. DISCUSSION

When considering a motion to dismiss, "whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader." *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir.1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). A complaint may only be dismissed when it is "beyond doubt that the plaintiff can prove no facts which would entitle him [or her] to relief." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Because the motion papers are based exclusively on materials in the pleadings, disposition under RCFC 12(b)(4) is appropriate.

■ Plaintiff, in her complaint sought judicial review of the Secretary of Defense's determination that she was not a dependent within the definition of 10 U.S.C. § 1072(2). Specifically plaintiff challenged the dependency determination based upon an alleged improper interpretation of the eligibility provision for former spouses regarding employer-sponsored health care. *See* 10 U.S.C. § 1072(2)(G)(ii). However, pursuant to 10 U.S.C. § 1084, this court may not review the Secretary's determination of dependency. Section 1084 reads:

A determination of dependency by an administering Secretary under this chapter is conclusive. However, the administering Secretary may change a determination because of new evidence or for other good cause. The Secretary's determination may not be reviewed in any court or by the General Accounting Office, unless there has been fraud or gross negligence.

10 U.S.C. § 1084 (1988). The unambiguous language of the statute indicates that Congress did not intend for courts to second-guess dependency determinations absent fraud or gross negligence. *See United States v. Johnson*, 166 F.Supp. 640, 643 (M.D.N.C.1958). Plaintiff did not allege fraud or gross negligence.

Plaintiff argued in her complaint that she was not contesting a dependency determination, but rather an allegedly erroneous determination that her conversion plan was an employee-sponsored health plan. Plaintiff's argument is specious. The statute clearly sets out that a dependant is one who "does not have medical coverage under an employer-sponsored health plan." 10 U.S.C. § 1072(2)(G)(ii). The Secretary's determination of who is covered by an employer-sponsored health plan is a part of the Secretary's determination of dependency. Judicial review of a final agency action ordinarily "will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). In this case, Congress expressly stated, by statute, that the Secretary's dependency determination may not be reviewed. *See* 10 U.S.C. § 1084. As a result, this court is precluded by statute from providing the relief plaintiff seeks.

■ Because the court finds that plaintiff's challenge to the dependency determination must be dismissed, plaintiff's due process challenge must also be dismissed. This court does not have jurisdiction to entertain due process claims under the Fifth Amendment standing alone. *Hamlet,*

873 F.2d at 1416; *Inupiat Community v. United States*, 680 F.2d 122, 132, 230 Ct.Cl. 647, *cert. denied*, 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *Myers v. United States*, 231 Ct.Cl. 965, 966 (1982). Plaintiff's claims for declaratory and injunctive relief also must be dismissed because this court does not have jurisdiction to grant such relief in this area of the law. *See United States v. King*, 395 U.S. 1, 2–5, 89 S.Ct. 1501, 1501–03, 23 L.Ed.2d 52 (1969); *Overall Roofing & Constr., Inc. v. United States*, 929 F.2d 687, 688–90 (Fed.Cir.1991).

### III. CONCLUSION

For the reasons stated above, the court grants defendant's motion to dismiss. The Clerk of the Court is directed to enter judgment dismissing plaintiff's complaint. No costs.

IT IS SO ORDERED.