Phoenix W. WHEELER, individually and on behalf of a class of persons similarly situated, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 93–5109.

United States Court of Appeals, Federal Circuit.

Dec. 6, 1993.

of the Secretary of Defense of an applicant's dependency status with respect to eligibility for benefits under the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS). *Wheeler v. United States,* 27 Fed.Cl. 756, 758 (1993). In addition, the Court of Federal Claims dismissed Ms. Wheeler's due process claim under the Fifth Amendment and her claims for declaratory and injunctive relief for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).[1] *Id.* at 758–59. We affirm.

I

■ Ms. Wheeler is the unremarried former spouse of Charles E. Whitsett, a retired member of the United States Air Force. During their marriage, which lasted from 1958 to 1983, Mr. Whitsett served 19 of his 20 years in the military, thus satisfying the durational requirements for dependency set forth at 10 U.S.C. § 1072(2)(G)(i) (Supp. IV 1992). When Ms. Wheeler and Mr. Whitsett were divorced in 1983, she purchased a limited health care policy that Mr. Whitsett's insurance company, Government Employees Hospital Association, Inc. (GEHA), offered as a conversion plan to avoid the customary requirements of listing pre-existing conditions and providing evidence of her health status on the application. Ms. Wheeler received CHAMPUS health care on several occasions between 1985 and 1987. On January 20, 1988, however, CHAMPUS informed Ms. Wheeler that her GEHA medical coverage rendered her ineligible for CHAMPUS benefits because her GEHA policy was an "employer-sponsored health plan" within the meaning of 10 U.S.C. § 1072(2)(G)(ii). Ms. Wheeler thus cancelled her GEHA policy on December 31, 1988. Consequently, on January 1, 1989, Ms. Wheeler became eligible for, and continues to receive, CHAMPUS health benefits. The Government, however, sought to recover $2,000 in medical payments made by CHAMPUS on behalf of Ms. Wheeler between 1985 and 1987.

Vicki Gottlich, Nat. Sr. Citizens Law Center, Washington, DC, argued, for plaintiff-appellant.

Charles F. Beall, Jr., Attorney, Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for defendant-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director.

Before PLAGER, LOURIE and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

■ Phoenix W. Wheeler appeals the February 16, 1993 judgment of the United States Court of Federal Claims dismissing her complaint. In granting the Government's motion to dismiss Ms. Wheeler's claim for monetary relief for failure to state a claim upon which relief can be granted, the Court of Federal Claims held that absent an assertion of fraud or gross negligence, the court was statutorily precluded from reviewing the determination

---

1. RCFC 12(b)(1) is identical to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This court thus examines the general federal law interpreting the corresponding Federal Rule of Civil Procedure as persuasive. *Widdoss v. Secretary of the Dep't of Health & Human Servs.,* 989 F.2d 1170, 1178 n. 7 (Fed.Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993).

In May 1991, Ms. Wheeler filed a class action suit in the United States District Court for the District of Arizona, *Wheeler v. Cheney,* No. CIV 91–244 TUC JMR (D.Ariz. filed May 3, 1991), seeking, *inter alia,* the recovery of more than $10,000 that she personally paid for medical treatment when she was denied CHAMPUS benefits. The district court transferred the case to the United States Claims Court[2] on February 20, 1992. In her amended complaint, filed July 27, 1992 in the Court of Federal Claims,[3] Ms. Wheeler alleged that the Secretary of Defense (1) violated the intent of Congress, exceeded statutory authority, and acted in an arbitrary and capricious manner in construing 10 U.S.C. § 1072(2)(G)(ii) to preclude Ms. Wheeler from eligibility for CHAMPUS benefits because of her coverage under the GEHA plan, and (2) violated Ms. Wheeler's procedural rights under the Due Process Clause of the Fifth Amendment by acting pursuant to 32 C.F.R. § 199.10(a)(6)(iv)(A) (1993), which precludes judicial review of the Secretary's CHAMPUS benefits eligibility determination. Ms. Wheeler also requested declaratory and injunctive relief for a class of similarly situated individuals. The Government responded by filing a motion to dismiss Ms. Wheeler's complaint for failure to state a claim upon which relief can be granted under RCFC 12(b)(4)[4] or, in the alternative, to dismiss those portions of Ms. Wheeler's complaint requesting prospective declaratory or injunctive relief for lack of subject matter jurisdiction under RCFC 12(b)(1). The Court of Federal Claims granted the Government's motion and dismissed Ms. Wheeler's complaint.

## II

■■■ This court reviews judgments of the Court of Federal Claims to determine whether they are premised on clearly erroneous factual determinations or otherwise incorrect as a matter of law. *Transamerica Ins. Corp. v. United States,* 973 F.2d 1572, 1576 (Fed.Cir.1992). This court reviews *de novo* whether the Court of Federal Claims possessed jurisdiction and whether the Court of Federal Claims properly dismissed for failure to state a claim upon which relief can be granted, as both are questions of law. *Dehne v. United States,* 970 F.2d 890, 892 (Fed.Cir.1992).

## III

The basis for the CHAMPUS determination of Ms. Wheeler's ineligibility for benefits is 10 U.S.C. § 1072(2), which states in pertinent part:

The term "dependent", with respect to a member or former member of a uniformed service, means— ... (G) a person who (i) is the unremarried former spouse of a member or former member who performed at least 20 years of service which is creditable in determining the member or former member's eligibility for retired or retainer pay, or equivalent pay, and on the date of the final decree of divorce, dissolution, or annulment before April 1, 1985, had been married to the member or former member for a period of at least 20 years, at least 15 of which, but less than 20 years of which, were during the period the member or former member performed service creditable in determining the member or former member's eligibility for retired or retainer pay, and (ii) *does not have medical coverage under an employer-sponsored health plan;* (emphasis added)

Congress placed the administration of CHAMPUS for the armed forces under the Secretary of Defense. 10 U.S.C. § 1073 (1988). Ms. Wheeler argues that in dismissing her complaint, the Court of Federal Claims improperly relied on 10 U.S.C. § 1084 (1988), which states:

A determination of dependency by an administering Secretary under this chapter

---

**2.** Effective October 29, 1992, the United States Claims Court became the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506, 4516. For simplicity, we refer to it throughout by its new name.

**3.** Ms. Wheeler did not request class certification in the Court of Federal Claims.

**4.** RCFC 12(b)(4) is identical to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See supra* note 1.

is conclusive. However, the administering Secretary may change a determination because of new evidence or for other good cause. *The Secretary's determination may not be reviewed in any court or by the General Accounting Office, unless there has been fraud or gross negligence.* (emphasis added)

Because Ms. Wheeler did not assert fraud or gross negligence, the Court of Federal Claims held that the determination of Ms. Wheeler's ineligibility for CHAMPUS benefits was unreviewable. Ms. Wheeler, however, argues that section 1084 is inapplicable here because she is not contesting the factual determination of her dependency status but rather the legal conclusion that her GEHA policy was "an employer-sponsored health plan" within the meaning of section 1072(2)(G)(ii).

■ The Secretary of Defense has not promulgated any regulation interpreting the meaning of "an employer-sponsored health plan" in section 1072(2)(G)(ii). We agree with the Court of Federal Claims that "[t]he Secretary's determination of who is covered by an employer-sponsored health plan is part of the Secretary's determination of dependency." *Wheeler,* 27 Fed.Cl. at 758. The unambiguous language of section 1084 provides that the determination of dependency status, which requires resort to definitions under section 1072 in its entirety, be withdrawn from judicial scrutiny, absent an assertion of fraud or gross negligence. Section 1084 does not distinguish between factual questions, such as the finding of dependency, and legal questions, such as the interpretation of a statutory term.

■ Prohibitions on judicial review of agency actions are presumptively disfavored. *See McNary v. Haitian Refugee Center, Inc.,* 498 U.S. 479, 496, 111 S.Ct. 888, 898, 112 L.Ed.2d 1005 (1991); *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670, 106 S.Ct. 2133, 2135, 90 L.Ed.2d 623 (1986); *Abbott Labs. v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967) (citing cases). Section 1084, however, does not preclude judicial review of a dependency determination altogether. A plain reading of the statute shows that Congress clearly intended simply to limit review by the courts to cases involving fraud or gross negligence. *See Bowen,* 476 U.S. at 673, 106 S.Ct. at 2137 (stating that specific statutory language that reliably indicates congressional intent overcomes the presumption in favor of judicial review). If Congress had intended to permit judicial review of statutory constructions or other legal questions in dependency determinations as Ms. Wheeler argues, the last sentence of section 1084 would have been written, for example, to state: "The Secretary's *factual* determinations may not be reviewed in any court ..., unless there has been fraud or gross negligence." The Congress did not do so.

For these reasons, absent an assertion of fraud or gross negligence, the Secretary's interpretation of the phrase "an employer-sponsored health plan" and the application of that interpretation to characterize Ms. Wheeler's GEHA policy as such are unreviewable. The Court of Federal Claims properly dismissed the claim for monetary relief in Ms. Wheeler's complaint for failure to state a claim upon which relief can be granted.

IV

■ We agree with the Court of Federal Claims that the dismissal of the first part of Ms. Wheeler's complaint that challenged the dependency determination requires the dismissal of the second part of her complaint that alleged the violation of her rights under the Due Process Clause of the Fifth Amendment. The Court of Federal Claims lacks jurisdiction to hear due process claims under the Fifth Amendment standing alone. *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). In addition, our affirmance of the Court of Federal Claims' dismissal of Ms. Wheeler's complaint as to the dependency determination requires dismissal of Ms. Wheeler's claims for declaratory and injunctive relief. The Court of Federal Claims lacks jurisdiction to grant such equitable relief absent a " 'concurrent colorable claim for monetary recovery.' " *Bobula v. United States Dep't of Justice,* 970 F.2d 854, 859 (Fed.Cir.1992) (citation omitted). Lastly, we note that with regard to the Court

of Federal Claims' dismissals of Ms. Wheeler's constitutional claim and her claims for declaratory and injunctive relief, such dismissals for lack of subject matter jurisdiction made pursuant to RCFC 12(b)(1) are without prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir.1984); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977); *see* 2A James W. Moore et al., Moore's Federal Practice ¶ 12.07[2.–1] n. 4 (2d ed. 1993) ("[D]ismissal under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] is never on the merits of the claim, but is always without prejudice.").

## V

For the reasons set forth, we affirm the judgment of the Court of Federal Claims dismissing Ms. Wheeler's complaint.

*AFFIRMED.*