## HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC., Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 97–187C.

United States Court of Federal Claims.

June 13, 2003.

Jeffrey William King, King, Pagano & Harrison, Washington, DC, for Plaintiff.

John Edgar Kosloske, U.S. Department of Justice, Civil Division—Commercial Litigation Branch, Washington, DC, for Defendant.

### ORDER

DAMICH, Chief Judge.

On April 17, 2003, defendant filed a motion for leave to withdraw admissions under RCFC 36 that the government paid plaintiff the amount of $52,429,127.73 under the Federal Employees Health Benefits (FEHB) Program for the contract year 1996. On May 1, 2003, plaintiff filed an opposition to this motion.

RCFC 36(b) provides: "[t]he court may permit withdrawal [of an admission] ... when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal ... will prejudice that party in maintaining the action or defense on the merits." *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).[1] The first prong of this test empha-

---

1. RCFC 36(b) is identical to Federal Rule of Civil Procedure 36(b). The Federal Circuit has held that "general federal law interpreting the corresponding Federal Rule of Civil Procedure [is] persuasive" in the absence of local precedent. *Wheeler v. United States*, 11 F.3d 156, 157 n. 1 (Fed.Cir.1993).

sizes the importance of having the action resolved on the merits, and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez v. Miami–Dade County,* 297 F.3d 1255, 1266 (11th Cir.2002) (upholding district court's grant of the withdrawal of admissions that "conclusively established the liability of both defendants" and would have "effectively ended the litigation"). The second prong of RCFC 36(b) requires the court to ascertain whether the nonmoving party would be prejudiced by a withdrawal or amendment of admissions. The prejudice contemplated by this rule "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth," *Brook Village North Assoc. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982), but rather, that a party will find it difficult to prove its case, for example, because of the sudden need to obtain evidence with respect to questions previously answered by the admissions, *Perez,* 297 F.3d at 1266–67; *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 154 (6th Cir.1997).

As to the first prong of this analysis, plaintiff essentially concedes that the admissions relating to payments made to HIP–NY for contract year 1996 are at least potentially inaccurate; indeed, in good faith it is almost obliged to do so, as its own expert initially identified the potential inaccuracy of the payment data produced and of the payment amount calculated based thereupon by defendant's expert. Thus, but for the withdrawal of the admission, this court would almost certainly be required to find that plaintiff was entitled to a windfall, more than either party believes is true, at least as of this date. As such, presentation of the merits of the action would only be served by the withdrawal of the admission, thereby allowing the parties to proceed in the ordinary course— either to stipulate to the correct amount of the underpayment or to endeavor to prove to the court that amount.

As to the second prong of the analysis, despite plaintiff's vigorous claims to the contrary, the court does not believe that plaintiff would be prejudiced by the withdrawal of the admissions in question. Trial has not begun in this matter and is not set to begin for several months. *Cf. 999 v. C.I.T. Corp.,* 776 F.2d 866, 869 (9th Cir.1985). Moreover, although discovery in this matter has essentially closed, a few outlying issues remain, and, if a need is demonstrated, limited additional discovery may be authorized by the court. Indeed, it appears that considerable discovery on this issue may have already occurred. In particular, there is indication that plaintiff's expert already possesses much of, and perhaps all, the necessary data to make a new calculation and to analyze any counter result offered by defendant. And to the extent the withdrawal requires modification to plaintiff's pretrial filings, the court is prepared to grant leave to modify those filings. Any inconvenience to plaintiff occasioned by reopening this matter thus seemingly is remediable, will not occasion delay of the scheduled trial, and, at all events, does not amount to the sort of prejudice that would preclude withdrawal of the subject admissions under RCFC 36(b).

Accordingly, defendant's motion to withdraw Admissions Nos. 28 and 32, insofar as they pertain to the amount paid under the Federal Employees Health Benefits (FEHB) Program for the contract year 1996, is **GRANTED,** and those admissions are deemed withdrawn. The parties shall immediately consult, in good faith, to determine whether further discovery is necessary as a result of the withdrawal of these admissions. If necessary, and no later than July 1, 2003, plaintiff, by appropriate motion, may seek authorization to conduct further discovery in this matter, provided such discovery shall not be repetitive of discovery already conducted and shall be narrowly tailored to the matters presented by the withdrawn admissions.

**IT IS SO ORDERED.**