**L.A. RUIZ ASSOCIATES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 09–211C.

United States Court of Federal Claims.

Sept. 23, 2010.

---

Carlo Cellai, Cellai Law Offices P.C., Boston, MA, for Plaintiff.

Scott A. MacGriff, Trial Attorney, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Alan Lo Re, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for Defendant.

## *OPINION and ORDER*

SMITH, Senior Judge:

This case arises out of a dispute over a construction contract entered into by L.A. Ruiz Associates, Inc. ("Plaintiff") and the United States Postal Service ("USPS") to build a USPS Carrier Annex in Revere, Massachusetts. In its Complaint, Plaintiff alleges that, pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601–613 (2006), the USPS breached the contract and is seeking monetary damages against the USPS, a review of the contracting officer's affirmative contract claim against L.A. Ruiz Associates, Inc., and declaratory relief.

In response to the Complaint, Defendant filed a Motion for Partial Dismissal of Plaintiff's Claims, pursuant to RCFC 12(b)(1). In its Motion, Defendant is seeking to dismiss two of Plaintiff's three claims for lack of subject matter jurisdiction; specifically, Plaintiff's claim alleging breach of contract by the USPS and Plaintiff's claim seeking declaratory relief. After careful consideration, the Court hereby **GRANTS–IN–PART** and **DENIES–IN–PART** Defendant's Motion for Partial Dismissal.

## I. FACTS RELATED TO THE MOTION TO DISMISS

This case arises out of a construction contract to build the United States Postal Service's Revere Carrier Annex in Revere, which was awarded to Plaintiff L.A. Ruiz Associates, Inc. The contract, numbered 082530–99–B–0506, required performance to begin on August 20, 2000, with the target completion date set for August 19, 2001. Plaintiff completed construction of the Carrier Annex ahead of schedule and the USPS began occupying the building on April 7, 2001.

On April 8, 2008, the contracting officer issued a final decision assessing an affirmative contract claim against L.A. Ruiz Associates, Inc., alleging unacceptable contractor workmanship and work not installed as required under the contract. According to the contracting officer, the affirmative claim resulted in a "credit," or refund, owed to the USPS by L.A. Ruiz Associates, Inc. in the amount of $1,131,166.

On April 7, 2009, Plaintiff filed its Complaint in this Court, asserting jurisdiction under the CDA, alleging that the USPS: (1) breached the contract; (2) breached the contractual implied duty of good faith and fair dealing; and (3) requested declaratory relief. In its first count, Plaintiff asserts that it is due approximately $7,300 for its unpaid costs as a result of continued work under the contract. In its second count, Plaintiff alleges that the Government breached the implied duty of good faith in fair dealing in performing the contract, thus entitling L.A. Ruiz Associates, Inc. to recover monetary damages. In its third count, Plaintiff requests this Court to enter declaratory judgment, declaring the USPS's affirmative contract

claim is "null and void," thus discharging the "credit" assessed to them by the USPS.

The next day, on April 8, 2009, Plaintiff responded to the contracting officer's final decision by sending a letter addressed to Ms. Margaret E. Harper, Esq., counsel for the Facilities and Environmental Law Unit of the USPS. Within the letter, Plaintiff denied that the USPS was entitled to the credit assessed against them, and further claimed that it was due money for unpaid costs derived from additional work performed, delays caused by the USPS, and interest associated with these costs.

In response to Plaintiff's Complaint, Defendant filed a Motion for Partial Dismissal of Plaintiff's Claims, pursuant to RCFC 12(b)(1) on August 20, 2009. Following full briefing and oral argument, the Court now addresses whether Plaintiff's affirmative contract claim and request for declaratory judgment are within the subject matter jurisdiction of the Court.

## II. STANDARD OF REVIEW

■ The Tucker Act provides that "[t]he Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under … the Contract Disputes Act of 1978." 28 U.S.C. § 1491(a)(2) (2006). Whether the Court has subject matter jurisdiction to hear a claim may be challenged at any time, by either party, by the Court *sua sponte,* or on appeal. *See Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir. 1993). As a result, the plaintiff is initially tasked with setting forth the jurisdictional basis of its claim and bears the burden to establish jurisdiction by a preponderance of the evidence when challenged. *See* RCFC 8(a)(1); *see Leonardo v. United States,* 55 Fed.Cl. 344, 346–47 (2003).

■ In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). However, if the Court finds that it does not have jurisdiction over a plaintiff's claim, it must dismiss the claim. *See John R. Sand & Gravel Co. v. United States,* 457 F.3d 1345, 1346–47 (Fed.Cir.2006), *aff'd,* 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008).

## III. DISCUSSION

### A. Requirements for a Valid Claim Pursuant to the CDA.

■ To streamline the process for resolving government contract disputes, the CDA was enacted to impose strict, uniform guidelines for the resolution of claims between contractors and the government. *See England v. Swanson Group, Inc.,* 353 F.3d 1375, 1379 (Fed.Cir.2004). In relevant part, section 605(a) of the CDA states, "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). The Court of Appeals for the Federal Circuit ("Federal Circuit") has read section 605(a) as imposing two distinct requirements which are construed as jurisdictional prerequisites to proceeding in this Court: (1) the contractor must submit a "claim" to the contracting officer and (2) the contracting officer must issue a "final decision" concerning the contractor's claim. *See England,* 353 F.3d at 1379; *see also Bath Iron Works Corp. v. United States,* 20 F.3d 1567, 1578 (Fed.Cir. 1994).

■ Although the CDA does not precisely define what a "claim" is, the Federal Acquisition Regulations define a "claim" as a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101 (2010). In determining whether a contractor's written demand constitutes a claim within the parameters set forth in section 605(a) of the CDA, the Court must determine:

[w]hether the letter clearly and unequivocally: (1) asserted specific rights; (2) requested specific relief of a sum certain; (3) requested a final decision; and (4) whether the letter, in conjunction with the totality

of the circumstances, was sent in the context of an ongoing dispute between the parties as to which they had previously abandoned negotiations. *Sun Eagle Corp. v. United States,* 23 Cl.Ct. 465, 471 (1991). In its simplest terms, a claim under the CDA requires "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maint., Inc. v. United States,* 811 F.2d 586, 592 (Fed.Cir.1987).

### B. *L.A. Ruiz Associate, Inc.'s Affirmative Contract Claim.*

In its Motion for Partial Dismissal, Defendant argues that this Court lacks jurisdiction over Plaintiff's affirmative contract claim because the claim was not properly submitted to the contracting officer for review, as required under section 605(a) of the CDA. (Def.'s Mot. for Partial Dismissal 4–6.) Specifically, Defendant notes that L.A. Ruiz Associates, Inc. "failed to submit *any* claim to the contracting officer alleging breach of contract, or requesting damages of any sort." *Id.* at 6 (emphasis added in original).

■ Conversely, Plaintiff argues that L.A. Ruiz Associates, Inc. submitted a proper claim, which was subsequently denied by the contracting officer, thus fulfilling the requirements of the CDA and allowing this Court to retain jurisdiction over the claim. (Pl.'s Opp'n Br. 3–4.) Plaintiff supports its position by referring the Court to an excerpt of the letter sent to Ms. Harper of the USPS on April 8, 2009, which states:

> **Costs Incurred by LA Ruiz.** There were several costs not reimbursed by USPS during construction. This includes:
>
> - Delays that were caused by USPS. Mod Requests were submitted, but never addressed.
> - Additional work that was performed that was not reimbursed.
> - Interest associated with not being reimbursed for these items.
>
> In addition to these costs, LA Ruiz has incurred interest, legal and personal costs in responding to this claim.

(Pl.'s Opp'n Br. Ex. 2 at 3 (emphasis added in original).) Plaintiff contends that the aforementioned passage constitutes a "claim to the Contracting Officer in this case pursuant to Section 605(a)" and further argues that "[e]ven though [the claim] did not state a sum certain within the four corners of the response, the claim for unreimbursed (*sic*) costs is a claim for the adjustment or interpretation of contract terms or other relief arising under or relating to the contract." *Id.* at 3–4.

■ While the Court agrees that the April 8, 2009 letter may be liberally construed as Plaintiff's attempt to submit a claim, the letter has a number of deficiencies that prevent it from qualifying as a proper CDA claim under section 605(a). First, Plaintiff's letter was neither addressed to the contracting officer, nor was any documentation presented to the Court showing that the letter was *expressly offered to the contracting officer for a final decision. See Sun Eagle Corp.,* 23 Cl.Ct. at 470 (describing the relevant factors needed to constitute a proper DCA claim). The CDA unequivocally states that "[a]ll claims by a contractor against the Government relating to a contract shall be ... submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). If a claim is submitted to somebody other than the contracting officer, however, it may be permissive under the CDA as long it expressly "commits the claim to the contracting officer for a final decision." *Tri–Ad Constructors v. United States,* 21 Cl.Ct. 789, 792 (1990). Upon careful inspection of Plaintiff's April 8, 2009 letter to the USPS, the Court notes that there is no express language committing the claim to be submitted to the contracting officer for a final decision. Moreover, Plaintiff has not presented any evidence which would lead the Court to conclude that the letter was ever actually *submitted to, or received by,* the contracting officer for review. Thus, Plaintiff's April 8, 2009 letter fails to meet the threshold "submission" requirement of section 605(a).

■ Second, Plaintiff's letter to the USPS neither made a specific claim against the USPS, nor established any entitlement to relief. Section 605(a) of the CDA requires

that a contractor's claim against the government "must be a demand for something due or believed to be due." *See Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1576 (Fed.Cir.1995). However, general statements that reserve the right to pursue a claim in the future are regarded as failing to satisfy the "sum certain" requirement of section 605(a). *See CPS Mech. Contractors, Inc. v. United States*, 59 Fed.Cl. 760, 765 (2004). While the Court recognizes that the "Costs Incurred by L.A. Ruiz" section of Plaintiff's letter memorializes its intent to affirmatively seek monetary compensation from the USPS, it lacks the specificity required to be regarded as a "sum certain" claim under the CDA. Furthermore, the plain language of Plaintiff's letter to the USPS contradicts the very purpose for which it is offered, by stating:

> This letter is in response to the Affirmative Contract Claim dated April 8, 2008. This letter is meant as a formal response to your correspondence dated April 8, 2008 and further to the meeting in Boston wherein we sought to resolve this matter. The within letter (*sic*) and associated enclosures will memorialize L.A. Ruiz, Inc.'s disagreement with the United States Postal Service's (hereinafter "USPS") position and refutes the USPS claim of unacceptable workmanship and/or work not installed per the contract documents. This letter is sent for settlement purposes only and without prejudice to the rights of L.A. Ruiz Associates, Inc defense.

(Pl.'s Opp'n Br. Ex. 2 at 1.) It appears to the Court that the sole purpose of Plaintiff's April 8, 2009 letter was to refute the USPS's affirmative contract claim. Although Plaintiff notes that it is entitled to unpaid costs by the USPS, any ancillary claim for monetary compensation within Plaintiff's letter falls short of the requirements set forth by the CDA.

Third, Plaintiff has failed to offer the Court any evidence showing that the contracting officer issued a final decision regarding its claim. Section 605(c)(1) of the CDA requires a contracting officer to "issue a decision on any submitted claim of $100,000 or less within sixty days from the receipt of a written request from the contractor." 41

U.S.C. § 605(c)(1). If the contracting officer fails to issue a final decision within the sixty day period, it "will be deemed to be a decision by the contracting officer denying the claim," commonly referred to as "deemed denied." *Id.* § 605(c)(5). While Plaintiff acknowledges that the contracting officer never issued a final decision regarding its claim, it attempts to take shelter under the "deemed denied" provision of section 605(c)(5). (*See* Pl.'s Opp'n Br. 4.) However, before a contractor can argue that its claim was "deemed denied," it must necessarily show that the contracting officer physically *received* the claim. *See* 41 U.S.C. § 605(c)(1). In other words, simply showing that the contracting officer never issued a final decision is not sufficient for the Court to conclude that the claim was actually received and "deemed denied." As previously noted, Plaintiff has not provided the Court with any documentation showing that the contracting officer actually received its claim. Consequently, Plaintiff's argument that the contracting officer's alleged inaction constituted a "deemed denial" of the claim under section 605(c)(5) must be rejected by the Court.

Under the totality of the circumstances, the Court is compelled to hold that Plaintiff's April 8, 2009 letter to the USPS is not a valid CDA claim. In fact, there is no evidence in the record that would suggest to the Court that the letter was even sent to the USPS with the intent to pursue a formal claim under the CDA. Instead, Plaintiff's attempt to characterize a passage within the letter as a claim falls short of the mandatory jurisdictional requirements set forth by the CDA.

#### C. L.A. Ruiz Associates, Inc.'s "Setoff" Argument.

In responding to Defendant's Partial Motion to Dismiss, Plaintiff argues that its affirmative contract claim should be construed as a "counterclaim," and may be setoff against the contracting officer's affirmative contract claim without the CDA requirement of first submitting the claim to the contracting officer. Plaintiff summarizes its stance by noting that:

> [B]ecause the Court must review the Contracting Officer's decision affirming damages to be awarded to the government, the

Court has jurisdiction over the Plaintiff's claim for damages it claims it is entitled to, whether said damages are considered "counterclaims" to the government's claim or part of Plaintiff's request for a *de novo* review of the parties' performance in this case.

(Pl.'s Opp'n Br. 6.) While Plaintiff's argument would conveniently allow this case to proceed without further delay, it is, unfortunately, neither supported by the law under the CDA, nor the precedent of this Circuit.

Plaintiff's argument is predicated upon the "same claim" principle, which allows this Court to retain jurisdiction over a contractor's counterclaim, or setoff, so long as it arises from the "same set of operative facts" underlying a dispute already properly before the Court. *See Cerberonics Inc. v. United States*, 13 Cl.Ct. 415, 417 (1987). However, if the contractor's claim is a "new claim," one that is a different type of claim than that presently before the Court, then it must independently satisfy the Court's jurisdictional requirements before it can be allowed to proceed. *See Lockheed Martin Corp. v. United States*, 70 Fed.Cl. 745, 756 (2006). Moreover, the "same claim" principle, while premised on judicial efficiency, may not be applied if consideration of the claim would "circumvent [ ] [the contracting officer's] statutory role to receive and pass judgment on the contractor's entire claim." *Id.* at 755 (quoting *ThermoCor, Inc. v. United States*, 35 Fed.Cl. 480, 489 (1996)).

While Plaintiff's claim certainly arises out of performance of the same contract as the USPS's affirmative contract claim, that fact alone does not allow the Court to conclude that the two claims arose out of the same set of operative facts. Moreover, Plaintiff has not provided this Court with any additional evidence linking the two claims together under the same set of operative facts. In fact, in looking at the background of the two claims, it is apparent to the Court that they arise out of very different factual circumstances. Thus, Plaintiff's duty to submit its claim to the contracting officer for a final decision under section 605(a) of the CDA was not discharged, as the "same claim" principle is inapplicable under the circumstances.

## D. L.A. Ruiz Associates, Inc.'s Request for Declaratory Judgment.

Defendant's final argument in its Motion for Partial Dismissal challenges the Court's jurisdiction over Plaintiff's request for declaratory judgment. Specifically, Defendant contends that this Court is without jurisdiction to hear Plaintiff's request for declaratory relief because "[L.A. Ruiz] does not properly have a request for money judgment in front of the Court." (Def.'s Reply Br. 5) (citing *Wheeler v. United States*, 11 F.3d 156, 159 (Fed.Cir.1993)). In support of its argument, Defendant cites to numerous cases which collectively stand for the proposition that if a claim for money judgment is dismissed by the Court, any secondary claims for equitable relief must also be dismissed for lack of jurisdiction. *Id.*

Conversely, Plaintiff argues that this Court should retain jurisdiction over its claim for equitable relief "because . . . the requested relief is connected to and intertwined with its right to judicial review of the Contracting Officer's decision under Section 609(a)(1) of the Contract Disputes Act." (Pl.'s Opp'n Br. 6.) Plaintiff directs the Court to the relief requested in the Complaint and notes that it is seeking declaratory judgment in the form of:

"[A] declaration that the USPS accepted the building as completed when it occupied the building and made payment to the Plaintiff for all work performed under the Contract and, therefore, L.A. Ruiz Associates, Inc. is not responsible for the credit alleged in the USPS contracting officer's Affirmative Contract Claim relating to the building construction services provided on the project."

(Compl. at 10.)

Generally, the Court possesses, in limited circumstances, the authority to entertain equitable claims as long as the relief sought is "incident of and collateral to" a proper claim for money judgment before the Court. *See James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998) (citing 28 U.S.C. § 1491(a)(2) (1991)). In other words, Plain-

tiff's equitable claim may proceed in this Court only if it is "tied and subordinate to a money award" claim that the Court has jurisdiction over. *See Austin v. United States,* 206 Ct.Cl. 719, 723 (1975).

After reviewing the parties' briefs, it appears to the Court that Defendant's argument is based upon a misunderstanding of Plaintiff's claim for declaratory judgment. On one hand, the Complaint expressly indicates that Plaintiff is seeking declaratory review of the "USPS contracting officer's Affirmative Contract Claim." (*See* Compl. at 10.) On the other hand, it appears that Defendant's argument in its Motion for Partial Dismissal is premised on the assumption that Plaintiff's claim for declaratory judgment is subordinate to its contract claim against the USPS. As a result, the Court must determine whether Plaintiff's challenge to the contracting officer's affirmative contract claim is properly before the Court, thus allowing Plaintiff to maintain a request for declaratory judgment.

In its Motion for Partial Dismissal, Defendant does not dispute that this Court has jurisdiction to hear Plaintiff's challenge of the USPS's affirmative contract claim. In fact, it is well settled under the CDA that the Court of Federal Claims may hear challenges to claims made by the Government against a contractor, such as the one Plaintiff has brought in this case. *See* 41 U.S.C. § 605. As a result, the Court concludes that Plaintiff's claim seeking declaratory judgment is "tied and subordinate" to its money judgment claim against the Government and is properly before the Court. *See Austin,* 206 Ct.Cl. at 723.

## IV. CONCLUSION

1. For the reasons set forth above, the Court hereby **GRANTS–IN–PART** and **DENIES–IN–PART** Defendant's Motion for Partial Dismissal of Plaintiff's Claims.

2. Defendant's Motion to Dismiss Count I of Plaintiff's Complaint is **GRANTED.** The Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's affirmative contract claim against the Government for failure to submit a proper claim to the contracting officer pursuant to section 605(a) of the Contract Disputes Act.

3. Defendant's Motion to Dismiss Count III of Plaintiff's Complaint seeking declaratory judgment over the contracting officer's affirmative contract claim assessed against L.A. Ruiz Associates, Inc. is **DENIED.**

4. The Court hereby **ORDERS** the parties to submit a joint status report on or before Friday, October 8, 2010, detailing how this matter shall proceed. The Court further **RESCHEDULES** the telephone status conference previously scheduled for Friday, September 24, 2010 to Thursday, October 14, 2010 at 4:00 PM EDT.

**It is so ORDERED.**