# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1159
_____

Bruce H. Bokony; Brandon H. Bokony

*Plaintiffs - Appellants*

v.

Department of Defense, Secretary of Defense, Christopher C. Miller; The
Department of the Navy, Kenneth J. Braithwaite, Secretary of the Department of
the Navy; Alvin Holsey, Commander Navy Personnel Command, Rear Admiral;
Does, United States Navy Personnel Command

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 24, 2021
Filed: July 1, 2021
[Unpublished]
_____

Before BENTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Bruce Bokony and his incapacitated adult son, Brandon, appeal after the
district court dismissed the action they brought against certain Department of
Defense (DoD) defendants for injunctive and declaratory relief, and reinstatement

of Brandon's TRICARE health insurance coverage. Having jurisdiction under 28 U.S.C. § 1291, this court affirms the judgment of the district court to the extent the court concluded that it lacked jurisdiction, and otherwise reverses and remands with instructions to dismiss the action in its entirety for lack of subject-matter jurisdiction.

In 2001, when Brandon was 18 years old, the Social Security Administration determined that he was disabled. In 2012, at the age of 60, Bruce became eligible as a Navy retiree to receive various military benefits, including TRICARE health insurance coverage for his dependents. Brandon enrolled in the coverage in 2012 and continued to receive coverage until 2017. At that time, Bruce received notification that he was required to recertify that, among other things, he provided over fifty percent of Brandon's financial support in order for Brandon to continue to receive benefits. Bruce completed the application for recertification, but Brandon's healthcare coverage was terminated after the Navy Personnel Command concluded that Bruce did not provide over fifty percent of Brandon's financial support. After additional communications did not resolve the issue to their satisfaction, the Bokonys sought recourse in the district court, alleging that the termination of Brandon's healthcare benefits was the result of a violation of the governing statutes and regulations, ran afoul of estoppel principles, was arbitrary and capricious, and denied Brandon due process under the Fifth Amendment.

The district court concluded that it lacked subject matter jurisdiction to review the DoD's ultimate determination that Brandon did not qualify as Bruce's dependent under 10 U.S.C. § 1072(2)(D)(iii), which defines a "dependent" as a child who is incapable of self-support and who depends on a former member of a uniformed service "for over one-half of the child's support." The district court further concluded that the Bokonys' constitutional and other challenges—including to the DoD's method of evaluating statutory dependency—failed on the merits.

Upon de novo review, this court concludes that the statutory bar on review precludes jurisdiction over the Bokonys' complaint, which sought to challenge the DoD's conclusion that Brandon was not Bruce's dependent, and establish Bruce's

-2-

entitlement to TRICARE healthcare coverage. *See* 10 U.S.C. § 1084 (a determination of dependency is conclusive and may not be reviewed in any court absent fraud or gross negligence); *Wheeler v. United States*, 11 F.3d 156, 159 (Fed. Cir. 1993) (Secretary's determination of who is covered under definitions in § 1072 is an unreviewable part of the Secretary's determination of dependency; § 1084 does not distinguish between factual questions, such as finding of dependency, and legal questions, such as interpretation of a statutory term defining who is covered by health plan); *see also Key Med. Supply, Inc. v. Burwell*, 764 F.3d 955, 962, 965 (8th Cir. 2014) (standard of review; where broad statutory bar shields administrative action from judicial review, this court may not inquire into whether agency decision is arbitrary, capricious, or procedurally defective; statutory bar applies absent viable ultra vires argument or substantial constitutional question); *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 494-95 (1991) (distinguishing actions where essence of claim is entitlement to payment or substantive declaration that claimants are entitled to certain status under relevant administrative program—as success in procedural objections would have the practical effect of establishing entitlement to benefits—from actions challenging agency's procedures where success would entitle claimants to have administrative case reopened and applications reconsidered; action falling into latter category was unimpaired by statutory bar to judicial review).

The judgment is affirmed in part and reversed in part, and the case is remanded with instructions to dismiss the complaint for lack of subject matter jurisdiction.

_____