NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD PEAMON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1029

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00417-EGB, Senior Judge Eric G. Bruggink.

---

Decided:  July 25, 2023

---

RICHARD PEAMON, Baltimore, MD, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, LOURIE and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Richard Peamon appeals a decision of the Court of Federal Claims dismissing his case for failure to state a claim upon which relief can be granted. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Peamon is a United States Army veteran who began receiving Social Security disability benefits in 1995. Recently, Mr. Peamon sought medical treatment from the Veterans Health Administration (VHA), which resulted in an unpaid bill. In November 2021, the Department of Treasury, Bureau of Fiscal Service (Fiscal Service) notified Mr. Peamon of his debt to the VHA and indicated that up to 15 percent of his monthly Social Security benefit would be withheld until the debt was resolved. S. Appx. 16.[1] The following month, the Fiscal Service began to withhold a portion of Mr. Peamon's benefit. *Id.* at 21, 24, 28. On April 4, 2022, Mr. Peamon filed a complaint in the Court of Federal Claims seeking an injunction to halt future withholdings and requesting associated damages, interest, and costs. *Id.* at 10–12. The Court of Federal Claims dismissed Mr. Peamon's complaint for failure to state a claim, *id.* at 5–9, and denied his motion for reconsideration. *Id.* at 2–4. Mr. Peamon appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo whether the Court of Federal Claims properly dismissed a case for failure to state a claim upon which relief can be granted. *Wheeler v. United States*, 11 F.3d 156, 158 (Fed. Cir. 1993). To survive a motion to

---

[1] "S. Appx." refers to the supplemental appendix attached to Respondent's Informal Brief, ECF No. 19.

dismiss, the complaint must plausibly allege facts, when accepted as true, suggesting the plaintiff is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings made by pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint filed pro se is "to be liberally construed." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Court of Federal Claims liberally construed Mr. Peamon's complaint as alleging an illegal exaction claim. S. Appx. 6–7. To maintain a claim for illegal exaction, Mr. Peamon was required to plead sufficient facts to show the money was "'improperly exacted or retained' by the government." *Casa de Cambio Comdiv S.A. de C.V. v. United States*, 291 F.3d 1356, 1363 (Fed. Cir. 2002) (quoting *United States v. Testan*, 424 U.S. 392, 401 (1976)). Mr. Peamon does not contest the validity of his debt owed to the VHA, and thus the Court of Federal Claims properly assumed the debt was valid. S. Appx. 8; s*ee generally id.* at 10–12. The existence of Mr. Peamon's valid debt to a government agency, the VHA, means the garnishment of his Social Security benefit payments is not an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–74 (Fed. Cir. 1996) (explaining that plaintiff must establish the exaction was contrary to law); *see also Gulley v. United States*, 150 Fed. Cl. 405, 420–21 (Fed. Cl. 2020) (same). Mr. Peamon's complaint, even under a liberal construction, does not allege sufficient facts to plausibly state a claim for relief. We therefore affirm the Court of Federal Claims' dismissal.

## AFFIRMED

### COSTS

No costs.