NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VINCENT DEWAYNE GAYLORD,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1555

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00910-RTH, Judge Ryan T. Holte.

---

Decided: October 15, 2025

---

VINCENT DEWAYNE GAYLORD, Topeka, KS, pro se.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before DYK, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Vincent Gaylord appeals the decision of the Court of Federal Claims dismissing his complaint for either lack of jurisdiction or failure to state a claim. Because Mr. Gaylord's claims are either time-barred or do not plausibly state a claim for relief, we affirm.

## BACKGROUND

Mr. Gaylord served in the United States Army from 1988 to 2002. On December 9, 2002, he was honorably discharged for medical disability and received severance pay. On August 27, 2004, Mr. Gaylord submitted his first application for Combat-Related Special Compensation (CRSC) with Army Human Resources Command (HRC), which denied his request. In 2012, Mr. Gaylord appealed his military disability rating to the Army Physical Disability Review Board, which recharacterized his discharge to show permanent disability retirement. Subsequently, Mr. Gaylord's original honorable discharge order was rescinded, and he was issued new orders retiring him for permanent disability effective December 9, 2002. Mr. Gaylord became eligible for retirement pay in April 2013 and received retirement back pay from 2002 to 2013. However, Mr. Gaylord's retirement back pay was offset by the VA disability compensation he received, which is otherwise known as a VA waiver.

Since 2013, Mr. Gaylord has sought CRSC several times, with each request denied "because [Mr. Gaylord] offered no evidence he incurred a disability while engaged in combat, while performing duties simulating combat conditions, or while performing especially hazardous duties." Appx 2 (quotation marks and citation omitted).[1] This includes his most recent appeal to the Army Board for

---

[1] "Appx" refers to the Appendix filed by the Government with its Informal Brief, ECF No. 16.

Correction of Military Records (ABCMR) in May 2024, in which Mr. Gaylord "also sought [c]orrection of his military records to reflect that the Army medically retired him with a combined 60 percent disability rating, on 9 December 2002, so that he can properly calculate his benefits, verify he received his entire disability severance pay, and receive disability retired pay." *Id.* (alteration in original) (quotation marks and citation omitted). The ABCMR again denied relief.

On June 10, 2024, Mr. Gaylord filed suit in the Court of Federal Claims seeking damages for wrongful discharge, retroactive disability retirement pay, and denial of CRSC. The Government moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The Court of Federal Claims first held that it did not have jurisdiction over Mr. Gaylord's complaint because he "seems to base all his claims upon a violation of 28 U.S.C. § 1343," which is not a money mandating statute. Appx 6 (citation omitted). While "the lack of [a] money-mandating source of law is sufficient grounds to dismiss the entire [c]omplaint," Appx 7, the Court of Federal Claims went on to alternatively conclude that Mr. Gaylord's claims for wrongful discharge and CRSC were jurisdictionally barred by 28 U.S.C. § 2501's six-year statute of limitations. The Court of Federal Claims also explained that, for Mr. Gaylord's claim for retroactive disability retirement pay, its "standing and failure-to-state-a-claim analyses are factually intertwined," and that Mr. Gaylord had failed to both allege an injury in fact and plausibly state a claim for relief. Appx 9.

Mr. Gaylord appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"This court reviews de novo whether the Court of Federal Claims possessed jurisdiction and whether the Court of Federal Claims properly dismissed for failure to state a

claim upon which relief can be granted, as both are questions of law." *Turping v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019) (quoting *Wheeler v. United States*, 11 F.3d 156, 158 (Fed. Cir. 1993)). On appeal, Mr. Gaylord challenges the dismissal of all three of his claims: (1) damages for wrongful discharge, (2) damages for the denial of CRSC, and (3) retroactive disability retirement pay. We take each issue in turn.

"In a military discharge case, this court and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (collecting cases). "If the plaintiff does not file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501, the plaintiff loses all rights to sue for the loss of pay stemming from the challenged discharge." *Id.* at 1304. Here, Mr. Gaylord was discharged on December 9, 2002. He filed his claim for wrongful discharge in the Court of Federal Claims on June 10, 2024, more than two decades after his discharge from the Army. Accordingly, Mr. Gaylord's wrongful discharge claim is barred by the six-year statute of limitations.

Mr. Gaylord contends that his wrongful discharge claim is not time-barred because he "asked the army to correct the unlawful discharge in 2024." Appellant's Inf. Reply Br. 5. However, the statute of limitations under § 2501 begins to run at the time the claim accrues. *Martinez,* 333 F.3d at 1303–04 ("That is, the claim accrues 'at one time, once and for all,' on the date of discharge." (citation omitted)). And "[t]his court and the Court of Claims have frequently addressed and rejected the argument that the cause of action for unlawful discharge does not accrue until the service member seeks relief from a correction board." *Id.* at 1304 (collecting cases). Because Mr. Gaylord was discharged in 2002 and the filing of a request for correction does not toll or restart the limitations period, his claim remains barred under § 2501.

Mr. Gaylord raises several other arguments in support of his wrongful discharge claim.  First, he relies on *Holley v. United States*, 124 F.3d 1462 (Fed. Cir. 1997), asserting that "statutory pay continues for unlawful discharge in the Army." Appellant's Inf. Br. 1.  Second, he contends that the Court of Federal Claims erred in dismissing his claim because under the Tucker Act, it has jurisdiction over claims involving wrongful military discharge.[2]  Third, he asserts a due process violation on the grounds that "there was no formal hearing." Appellant's Inf. Br. 3.  None of these arguments, however, displace the statute of limitations issue. We thus need not address the merits of these arguments as we affirm the trial court's dismissal of his wrongful discharge claim as time-barred under § 2501.

Turning next to Mr. Gaylord's CRSC claim, we hold this claim is also time-barred by the six-year statute of limitations prescribed by § 2501.  In general, "if a dispute is subject to mandatory administrative proceedings, the plaintiff's claim does not accrue until the conclusion of those proceedings." *Martinez*, 333 F.3d at 1304 (citation omitted).  And specifically for military disability retirement cases, the "first competent board rule" "provides that a service member's claim does not accrue until final action is taken by the first board competent to decide the matter of entitlement, or upon refusal of a service member's request for such a board." *Jones v. United States*, 30 F.4th 1094,

---

[2]    While the Court of Federal Claims held it did not have subject matter jurisdiction over Mr. Gaylord's claims because he failed to identify a money-mandating statute in his complaint, the Government concedes on appeal, as it must, that the Court of Federal Claims "has jurisdiction over wrongful discharge claims" under the Tucker Act. Appellee's Inf. Br. 9.  Any error by the Court of Federal Claims on this issue, however, is harmless, as we conclude here that each claim must be dismissed on other grounds.

1100 (Fed. Cir. 2022) (citation omitted). The statute on CRSC confers on the Secretary of Defense the authority to "prescribe procedures and criteria under which a disabled uniformed services retiree may apply to the Secretary of a military department to be considered to be an eligible combat-related disabled uniformed services retiree." 10 U.S.C. § 1413a(d). Consistent with § 1413a(d)—as well as with 10 U.S.C. § 1413a(a) and (e)—the Financial Management Regulation (FMR) provides that "[a] member may not be paid CRSC unless he or she has applied for and elected to receive compensation under the CRSC program by filing an application . . . with the Military Department from which he or she retired." DoD 7000.14-R, FMR, vol. 7B, ch. 63, ¶ 630401. For Army service members, Army HRC is responsible for reviewing CRSC applications and making eligibility determinations. As CRSC claims are subject to administrative proceedings, a claim for CRSC does not accrue until the conclusion of the first Army HRC proceeding that decides the matter of entitlement to CRSC (or upon the refusal of a request for such a proceeding).

Here, Mr. Gaylord submitted his first CRSC application with Army HRC on August 27, 2004. On November 3, 2004, Army HRC denied Mr. Gaylord's request for CRSC. Accordingly, Mr. Gaylord's claim for CRSC started accruing on November 3, 2004. But Mr. Gaylord did not file his CRSC claim with the Court of Federal Claims until June 10, 2024, almost 20 years after the conclusion of the Army HRC proceedings. Thus, we affirm the trial court's dismissal of his CRSC claim as also time-barred under § 2501.[3]

---

[3]    Mr. Gaylord contends that *Soto v. United States*, 605 U.S. 360 (2025), prohibits applying a statute of limitation to CRSC claims. *Soto*, however, is about the Barring Act's provision that most settlement claims against the United States are subject to a six-year limitations period

Finally, we turn to Mr. Gaylord's claim for retroactive disability retirement pay.    Under 38 U.S.C. §§ 5304 and 5305, a veteran is prohibited from receiving both military retired pay and VA disability compensation at the same time, unless that veteran retired with 20 or more years of service. *See* 10 U.S.C. § 1414(b)(2).  If a veteran does not qualify to receive both military retired pay and VA disability compensation simultaneously, the veteran must waive his military retired pay by the amount of his VA disability compensation. *See* 38 U.S.C. § 5305.

Mr. Gaylord, while deemed entitled to disability retirement pay and VA disability compensation, did not serve for 20 years.  Thus, he cannot qualify for the 20-year-service exception to the federal prohibition on collecting both military retired pay and VA disability compensation.  Therefore, Mr. Gaylord's retirement back pay was waived by the amount of VA disability compensation he received under § 5305.  Because Mr. Gaylord cannot plausibly plead facts that would qualify him to simultaneously collect both military retired pay and VA disability compensation, he cannot state a claim to relief for retroactive disability retirement pay that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021) ("The Court of Federal Claims

---

unless another law—like the CRSC statute—confers authority to settle a claim instead, in which case that law displaces the Barring Act's settlement mechanism in its entirety, including its limitations period. *Id.* at 362.  In *Soto*, the Barring Act was being used to limit to six years the length of time a veteran could recover past-due benefits for a CRSC claim he was deemed eligible for when the CRSC statute imposed no such defined period of recovery. *Id.* at 366, 372.  *Soto*, however, does not speak to the statute of limitations period established by § 2501 for when a plaintiff must file his claim alleging entitlement to CRSC.

may properly grant a motion to dismiss under [Rule of the Court of Federal Claims (RCFC)] 12(b)(6) when a complaint does not allege facts that show the plaintiff is entitled to the legal remedy sought.").

Mr. Gaylord appears to again rely on *Holley* to argue that he "should have been given [his] full retired pay along with back pay of retirement." Appellant's Inf. Br. 2. But *Holley* is not relevant to the issue of whether a former servicemember can concurrently receive VA disability compensation and military retired pay. Mr. Gaylord also contends that, "according to my [sic] secretary of the Army[,] they ordered my retired pay long before there was a VA waiver, so the court should have given relief for pay." *Id.* But the VA waiver rule existed before Mr. Gaylord's retirement, *see* Pub. L. No. 85-857, § 3105, 72 Stat. 1231 (1958), and the underlying pay records show that the VA waiver started applying at the same time he would have first started receiving retirement pay, *see* Appx 61. We thus affirm the trial court's dismissal of Mr. Gaylord's claim for retroactive disability retirement pay pursuant to RCFC 12(b)(6).

## CONCLUSION

We have considered Mr. Gaylord's remaining arguments and find them unpersuasive. For the reasons stated above, we affirm the decision of the Court of Federal Claims dismissing Mr. Gaylord's complaint.

## **AFFIRMED**

### COSTS

No costs.